**ALLSTATE INSURANCE COMPANY, Petitioner,**

v.

**Robert Louis COLLINS, Respondent.**

**No. 89SC594.**

Supreme Court of Colorado, En Banc.

Feb. 4, 1991.

Rehearing Denied Feb. 25, 1991.

Zupkus & Ayd, P.C., Robert A. Zupkus, Stefan Kazmierski, Denver, for petitioner.

Bartley A. Costello, Jr., Boulder, for respondent.

Ireland, Stapleton, Pryor & Pascoe, P.C., William G. Imig, Mark W. Williams, Den-

---

ver, for amicus curiae Nat. Ass'n of Independent Insurers.

Justice ERICKSON delivered the Opinion of the Court.

We granted certiorari to review the unpublished court of appeals decision in *Collins v. Allstate Insurance Co.*, No. 88CA1058 (Aug. 24, 1989), which held that section 10–4–708(1), 4A C.R.S. (1987 & 1990 Supp.), did not preempt common-law tort claims against an automobile insurance carrier for bad faith breach of contract.

In *Farmers Group, Inc. v. Williams*, 805 P.2d 419 (Colo.1991), we held that section 10–4–708(1) did not provide the exclusive remedy for an automobile insurer's bad faith refusal to pay personal injury protection benefits, and therefore did not preempt a common-law claim for tortious bad faith breach of an insurance contract. *Farmers* controls the resolution of the issue in this case.

Accordingly, we affirm the judgment of the court of appeals.

LOHR, J., dissents.

VOLLACK, J., dissents and ROVIRA, C.J., joins in the dissent.

Justice LOHR dissenting:

Because I believe that the plain language of section 10–4–708(1), 4A C.R.S. (1987 & 1990 Supp.), provides the exclusive remedy for the insured against the insurer who refuses to pay benefits in bad faith, I respectfully dissent from the majority opinion.

Justice VOLLACK dissenting:

I respectfully dissent from the majority's holding that section 10–4–708(1), 4A C.R.S. (1987 & 1990 Supp.), did not provide an exclusive remedy. In my opinion, the legislature preempted the common law by providing an exclusive remedy, as set forth in my dissent in *Farmers Group, Inc. v.*

*Williams*, 805 P.2d 419 (Colo.1991). I would reverse the judgment.

I am authorized to say that Chief Justice ROVIRA joins in this dissent.